902 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Paul LAROQUE, Plaintiff-Appellant,
v.
UNITED STATES of America; U.S. Immigration & Naturalization
Service; Jim Ogden, Investigator; Department of State;
U.S. Consulate to Australia; Carl F. Troy, U.S. Consul to
Australia, Defendants-Appellees.
 No. 89-1033.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1990.
Decided April 20, 1990.
Rehearing and Rehearing En Banc Denied May 21, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (C/A Nos. 88-541-5-CIV, 88-543-5-CIV)
 George Paul LaRoque, appellant pro se.
 Thomas Philip Swaim, Assistant United States Attorney, Raleigh, N.C., for appellees.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Paul LaRoque appeals the district court's order dismissing his civil action brought under Bivens[1] and the Federal Tort Claims Act. In his complaint LaRoque alleged the defendants allowed him illegal entry into the United States and violated his rights under international law and the United States Constitution incident to his deportation from Australia. The action was originally brought in the United States District Court for the District of Columbia but was transferred, on defendants' motion, to the North Carolina district court pursuant to 28 U.S.C. Sec. 1404(a).[2] LaRoque also challenges the propriety of the transfer.[3] We find no error in the transfer or the dismissal of the action and affirm.
 
 
 2
 Although Bivens held that sovereign immunity does not shield federal officers in their individual capacities from liability for violations of an individual's constitutional rights, it did not waive the sovereign immunity of the United States or its entities. Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983). LaRoque's complaint against the government defendants, therefore, although properly brought under the Federal Tort Claims Act, was barred because he failed to file an administrative claim as required by 28 U.S.C. Sec. 2675(a).
 
 
 3
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 The United States District Court for the District of Columbia dismissed the complaint as to two other defendants, Jim Ogden and Carl Troy, prior to transferring the case. The United States Court of Appeals for the District of Columbia affirmed the district court's dismissal of the claims against these two defendants. Consequently, we do not review the propriety of the dismissal of the claims against Troy and Ogden
 
 
 [3]
 LaRoque has filed a motion in this Court to summarily vacate the district court's order and remand with instructions to return the case to the district court for the District of Columbia. In view of our disposition in this case we deny the motion